IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BENNIE RAY JOHNSON, | § | |
| A.K.A. BENNIE JOHNSON, | § | |
| TDCJ-CID # 819383, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:07-CV-0195 |
| | § | |
| NFN HUTTON, NFN PONDER, and | § | |
| NFN SILVA, | § | |
| | § | |
| Defendants. | § | |

# REPORT AND RECOMMENDATION

Plaintiff BENNIE RAY JOHNSON, a.k.a. BENNIE JOHNSON, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

By his complaint, plaintiff claims that, on April 11, 2007, while in the High Security Recreation Yard, he was ordered to strip naked by Officer PONDER, a male security officer, for a visual cavity search in the presence of about 15 officers[1], several of whom were female and whom plaintiff describes as "non-essential"[2]. Plaintiff expressly concedes the reasonableness of the search itself[3], but claims that manner in which it was conducted was unreasonable. Plaintiff alleges defendant SILVA, a female officer, was given a video camera by a male officer and

---

[1] Plaintiff's September 14, 2007 Memorandum of Law at page 3.

[2] Plaintiff's original complaint at pages 3-4.

[3] Plaintiff's September 14, 2007 Memorandum of Law at page 5.

ordered to video tape the search, doing so from a distance of about five feet.  Plaintiff says that, when he objected to the viewing of the strip search by SILVA and the other female officers present at the time, PONDER made a "snide remark"[4] and repeated the order that plaintiff strip.

Plaintiff also alleges that defendant Lt. HUTTON observed plaintiff throughout the strip search, was aware of the other female officers, one of whom was standing in a group of about ten male officers, about 10 feet away from plaintiff, but that HUTTON did nothing about the female officers in the area nor did she excuse herself from the area.

Plaintiff claims all officers were indifferent to plaintiff's objections and assertion of his right to be free from unreasonable cross gender searches.

Plaintiff requests injunctive relief, nominal damages, compensatory damages, punitive damages, and a jury trial.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[5], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C.

---

[4]Plaintiff says PONDER responded that they had seen small "weenies" before [plaintiff's September 14, 2007 Memorandum of Law at page 3].

[5]A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[6].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Initially, the Court notes plaintiff has been released from prison and this fact renders his request for unspecified injunctive relief moot. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988). Additionally, the only injury plaintiff has alleged is his humiliation; however, Title 42, United States Code, section 1997e(e) forecloses an award of damages for mental or emotional injury without a prior showing of physical injury. Consequently, plaintiff's request for compensatory damages is barred. Plaintiff has also requested nominal and punitive damages, and an award of this type is not barred by section 1997e(e), *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), upon a showing of the necessary "evil intent," *Allen v. Stalder*, 201 Fed.Appx 276, 276-77 (5th Cir. 2006).

Plaintiff argues the circumstances of the instant case are similar to *Moore v. Carwell*, 168 F.3d 234 (5th Cir. 1999)(male guards available to conduct search but female guards conducted it instead), but says he does not depend entirely upon *Moore* because each case depends on its own set of facts[7].

---

[6]*Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

[7]Plaintiff's September 14, 2007 Memorandum of Law at page 4.

The Fourth Amendment test of reasonableness "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails.  Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979)(citations omitted).  The Fifth Circuit "interpret[s] this statement of reasonableness as striking a balance 'in favor of deference to prison authorities' views of institutional safety requirements against the admittedly legitimate claims of inmates not to be searched in a humiliating and degrading manner.'" *Elliott v. Lynn*, 38 F.3d 188, 191 (5th Cir. 1994)(citation omitted).  The decisions of prison administrators regarding security are afforded great deference.  *See Oliver v. Scott*, 276 F.3d 736, 745 (5th Cir. 2002).

In the instant case, plaintiff does not challenge the scope of the intrusion, the justification for initiating it, or the place in which it was conducted.  His sole challenge is to the presence of the female officers.

The Fifth Circuit recognizes that "[p]risoners retain, at best, a very minimal Fourth Amendment interest in privacy after incarceration." *Oliver v. Scott*, 276, F.3d 736, 744 (*5th Cir. 2002).  "[S]trip searches carried out in non-secluded areas of the prison and in the presence of prison employees of the opposite sex are not unconstitutional." *Tasby v. Lynaugh*, 123 Fed. Appx. 614, 2005 WL 388628 (5th Cir. 2005)(strip search in the presence of female prison employees); *Oliver v. Scott*, 276 F.3d 736, 747 (5th Cir. 2002); *Elliott v. Lynn*, 38 F.3d 188, 190-91 (5th Cir. 1994); *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992); *Tuft v. Chaney*, 2009 WL 416302 Civil Action No. H-06-2529 (S.D. Tex. Feb. 17, 2009)(cavity searches on seven inmates in front of three male officers and one female officer on one occasion and a second strip search

two years later which was within "direct line-of-sight of female officers" who may have seen the plaintiff did not violate inmate's Fourth Amendment rights).

Unlike the circumstances in *Carwell*, plaintiff does not allege the search was conducted for the sole purpose of harassing and intimidating him. Equally or more important, he does not contend the search was conducted by a female guard, but expressly alleges defendant PONDER, a male guard, conducted the search. Although plaintiff places special emphasis on the role of defendant SILVA in taping the search, he has alleged no actual participation by her in the search. If taping the search equates with participation in it, plaintiff has not directed the Court to any caselaw making that determination. Further, plaintiff has not directed the Court to any authority or made any other argument that defendant SILVA's involvement violated a clearly established constitutional right. Therefore, all defendants are entitled to qualified immunity.

Moreover, it is clear the taping was at the order of another officer. Plaintiff alleges the taping was not authorized by any TDCJ administrative directive; however, he has not alleged the taping was for any improper purpose, and clearly does not know that it was. The mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).

For all the reasons set forth above, plaintiff's claims lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the Recommendation of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff BENNIE RAY JOHNSON, a.k.a. BENNIE JOHNSON be DISMISSED WITH PREJUDICE AS FRIVOLOUS.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 23rd day of April, 2009.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R.

Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).